MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ben Alan Snipes, | No. CV 1-08-1261-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| State of California, et al., | |
| Defendants. | |

## I. Background

Plaintiff Ben Alan Snipes is confined in the Kern Valley State Prison in Delano, California. In a January 22, 2009 Order, the Court dismissed Plaintiff's *pro se* civil rights Complaint because it did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. The Court warned Plaintiff that the Clerk of Court would enter a judgment of dismissal with prejudice if Plaintiff failed to timely file an amended complaint. Because Plaintiff did not timely file an amended complaint, the Clerk of Court entered Judgment on March 9, 2009.

. . . .

. . . .

. . . .

. . . .

**II. Pending Motions**

    **A. Motion for Record Check**

On March 17, 2009, Plaintiff filed a "Motion for Record Check" (Doc. #19), seeking to have the Court review Plaintiff's initial complaint and notify Plaintiff "of any page numbers and supplemental brief missing—if in fact, they are."

In the Court's January 22nd Order, the Court dismissed the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, noting that Plaintiff's Complaint was a lengthy and garbled set of documents regarding "an illegal research project" that consisted of a Complaint form, a Memorandum of Law, a "Supplemental Addition to 42 U.S.C. § 1983 Civil Rights Action," a Supplemental Memorandum of Law, and four exhibits. The Court need not cull through this dismissed document to determine if any page numbers or supplemental brief is missing. Thus, the Court, in its discretion, will deny Plaintiff's Motion for Record Check.

    **B. Motions to Vacate**

On March 17, 2009, Plaintiff filed a "Motion to Vacate, Amend or Modify Order Dismissing Suit with Prejudice re: FRCP Rule 60(b)(3)" (Doc. #20). Plaintiff claims that he did not receive the Court's January 22nd Order until after the 30-day deadline had passed and alleges that "project members allege they held back delivery on purpose—and destroyed written notice of address change to this Court may have been committed too."[1] Plaintiff attached a First Amended Complaint (Doc. #22). On May 4, 2009, Plaintiff filed a "Motion to Vacate, or Modify Order Dismissing Suit With Prejudice" (Doc. #21) that is substantially similar to the March 17th Motion to Vacate.

The Court, in its discretion, will deny the motions to vacate because Plaintiff has failed to demonstrate by clear and convincing evidence that the judgment was obtained by

---

[1] Plaintiff filed a Notice of Change of Address (Doc. #17) containing a "proof of service," in which Plaintiff states that he delivered the Notice to prison officials on February 12, 2009. The Clerk of Court file stamped the Notice on February 20, 2009; it was not destroyed by "project members."

fraud, misrepresentation, or other misconduct. See Fed. R. Civ. P. 60(b)(3); Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

Moreover, the Court has reviewed Plaintiff's 51-page First Amended Complaint and concludes that vacating the Judgment would serve no purpose. If the Court vacated the Judgment, the Court would be required to screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A(a). In so doing, the Court would be compelled to dismiss the First Amended Complaint for failure to comply with Rules 8 and 10. That dismissal would be without leave to amend. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

**IT IS ORDERED:**

(1) Plaintiff's March 17, 2009 "Motion for Record Check" (Doc. #19) is **denied**.

(2) Plaintiff's March 17, 2009 "Motion to Vacate, Amend or Modify Order Dismissing Suit with Prejudice re: FRCP Rule 60(b)(3)" (Doc. #20) is **denied**.

(3) Plaintiff's May 4, 2009 "Motion to Vacate, or Modify Order Dismissing Suit With Prejudice" (Doc. #21) is **denied**.

(4) This case must remain **closed**.

DATED this 11th day of May, 2009.

_____
Raner C. Collins
United States District Judge